**FILED**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MAR 1 0 2005

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| CHARLES TOTH and LINDA TOTH, Husband and Wife, ) ) ) Plaintiffs, ) ) vs. ) ) RISK MANAGEMENT ALTERNATIVES, ) INC. and AFNI, INC., ) ) ) ) ) Defendants. ) | **05CV0133 CVE-FHM** Case No. _____ |

## COMPLAINT

COME NOW the Plaintiffs, Charles Toth and Linda Toth, husband and wife, and for their cause of action against Defendants Risk Management Alternatives, Inc. ("RMA") and Afni, Inc. ("Afni"), allege as follows:

### The Parties, Jurisdiction and Venue

1. In this action, Plaintiffs allege violation by Defendants of a federal law, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e *et seq.*

2. Plaintiffs are individual residents of the Northern District of Oklahoma.

3. In early 2004 Plaintiffs owed or were claimed to owe a "debt", as defined in the FDCPA to BellSouth Telco, a "creditor" as defined in the FDCPA (hereinafter, the "Debt").

4. Defendant RMAI is a corporation incorporated in a state other than Oklahoma, having its principal place of business in the State of Georgia, and having branch offices at various places across the United States. RMAI is a "debt collector" as defined in the FDCPA. RMAI engaged in debt collection activities within the State of Oklahoma by means of interstate commerce and communications.

5.      Defendant Afni is a corporation incorporated in a state other than Oklahoma, having its principal place of business in the State of Illinois, and having branch offices at various places across the United States. Afni is a "debt collector" as defined in the FDCPA. Afni engaged in debt collection activities within the State of Oklahoma by means of interstate commerce and communications.

6.      This Court has "federal question" subject matter jurisdiction pursuant to 28 U.S.C. §1331.

7.      This Court also has jurisdiction of the parties, and venue is proper in this District pursuant to 28 U.S.C. §1391.

## Statement of Facts

8.      In February 2004, after Afni had contacted them concerning the Debt, Plaintiffs paid the Debt by personal check, No. 1377, made payable to Afni, Inc., and dated February 22, 2004. This check was received by Afni and duly deposited in Afni's "Bell South Trust Account" on or about February 26, 2004.

9.      Thereafter, Afni continued to hold the Debt out as being unpaid and delinquent. The Debt was also represented to RMA as being unpaid and delinquent.

10.     Afni and/or RMA reported the Debt to one or more credit reporting agencies as being unpaid and delinquent, with the intent and knowledge that the Debt would thereby appear as a derogatory item on Plaintiffs' credit rating.

11.     The aforesaid reporting of the Debt to the credit reporting agencies was false due to Plaintiffs' previous payment of the Debt.

12. RMA has additionally continued to contact Plaintiffs and demand payment of the Debt, representing it as being delinquent and unpaid, notwithstanding that it was paid in February 2004.

13. Plaintiffs have notified RMA that the Debt was paid and requested rectification of their credit record. Afni, of course, was already aware of Plaintiffs' payment of the Debt.

14. Notwithstanding knowledge and notice that the Debt has long since been paid, Defendants have failed, refused, and neglected to take any steps to have the aforesaid credit report or reports corrected. On information and belief, Plaintiffs allege that Defendants continue to falsely represent to the credit bureau(s) that the Debt is delinquent and unpaid.

## Claim Under the FDCPA

15. Defendants' representations that the Debt remained delinquent and unpaid constitute representations by "debt collectors", as defined in the FDCPA.

16. The FDPCA prohibits the use by a debt collector of any "false, deceptive, or misleading representations or means in connection with the collection of any debt", including but not limited to the false representation of "the character, amount, or legal status of the debt". 15 U.S.C. §1692e(2)(A).

17. Defendants, as set forth above, have misrepresented the Debt as being unpaid and delinquent, and in so doing have violated the FDPCA. They have further failed, refused, and neglected to correct said misrepresentation after having it called to their attention.

18. In the autumn of 2004 Plaintiffs suffered a number of credit application denials as a direct result of the aforesaid misrepresentations by Defendants to the credit reporting agencies.

19.   Plaintiffs have sustained actual damages as a direct result of the aforesaid misstatement, in an amount to be determined with more specificity at trial, but which in any event exceeds Ten Thousand Dollars ($10,000).

20.   Defendants' actions also entitle Plaintiffs to an award of statutory damages of One Thousand Dollars ($1,000) over and above their actual damages.

WHEREFORE, premises considered, Plaintiffs pray for judgment against Defendants, and each of them, for actual damages in an amount to be determined at trial, but in any event exceeding Ten Thousand Dollars ($10,000); for an award of statutory damages of an additional One Thousand Dollars ($1,000); for interest according to law; for their costs of this action; for a reasonable attorney fee; and for such other and further relief as to which Plaintiffs may be entitled in the premises.

Respectfully submitted,

Richard D. White, Jr., OBA #580
BARBER & BARTZ
525 S. Main Street, Suite 800
Tulsa, OK 74103-4511
(918) 599-7755
(918) 599-7756 (fax)

ATTORNEYS FOR PLAINTIFFS

JURY TRIAL DEMANDED

ATTORNEY LIEN CLAIMED